UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
------------------------------------------------------------X

JOE GARCIA, FERNANDO QUILES,
DALIA RIVERA MATIAS,
          Plaintiffs

v.                                         COMPLAINT

2011 LEGISLATIVE REAPPORTIONMENT
COMMISSION and CAROL AICHELE, in her
capacity as Secretary of the Commonwealth of
Pennsylvania, and as Chief Election officer of
the Commonwealth of Pennsylvania,

          Defendants.

------------------------------------------------------------X

## INTRODUCTION

1. Plaintiffs are three Latino registered voters in the state of Pennsylvania who reside in neighborhoods with large Latino populations in Philadelphia County. Plaintiffs are aware of recent developments in the process of redistricting of Pennsylvania House of Representatives ("House") and Senate of Pennsylvania ("Senate") legislative districts that will result in no new, equalized plans for redistricting in time for the elections this year and thus seek this Court's protection of their constitutional rights to vote for legislative representatives under a new plan that does not violate the "one person, one vote" principle under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and does not unlawfully dilute their voting strength under the federal Voting Rights Act of 1965.

2. Plaintiffs seek a court order to ensure that defendants will enact a new legislative redistricting plan in time for this year's April primary and November elections. Alternatively, they seek a court order appointing a Special Master to oversee the state redistricting process to ensure that their rights under federal law are protected inasmuch as the current plan enacted in 2001 is both malapportioned and unlawfully dilutes the voting strength of Latinos.

## JURISDICTION AND VENUE

3. This action arises under Article 1, Section 2 and the Fourteenth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

4. Jurisdiction is conferred on the Court pursuant to 28 U.S.C. Section 1331, 28 U.S.C. Section 1343, and 42 U.S.C. Section 1983.

5. Venue in this district is proper pursuant to 28 U.S.C. Section 1391.

## PARTIES

6. Plaintiffs are three Latino registered voters who reside in neighborhoods with large Latino concentrations in Philadelphia and Lehigh County. Plaintiffs represent the interests of Latinos, as well as their own interests as voters.

7. Plaintiff Joe Garcia is a Latino registered voter who resides in Philadelphia, Pennsylvania. He resides in the current 180th House District and the current 2nd Senatorial District. Mr. Garcia is a United States citizen and a registered voter.

8. Plaintiff Fernando Quiles is a Latino registered voter who resides in Philadelphia, Pennsylvania. He resides in the current 180th House District and the current 2nd Senatorial District. Mr. Quiles is a United States citizen and a registered voter.

9. Plaintiff Dalia Rivera Matias is a Latino registered voter who resides in Allentown, Pennsylvania. Upon information and belief she resides in the current 132nd House District and the 16th Senate District. Ms. Rivera is a United States citizen and a registered voter.

10. The Defendant 2011 Legislative Reapportionment Commission is tasked with authority and responsibility for redistricting and reapportionment in Pennsylvania. In particular, pursuant to Article II § 17 of the Constitution of the Commonwealth of Pennsylvania, the Defendants are required to alter and adjust House and Senate district lines by enacting a redistricting plan after each federal decennial census.

11. Defendants Stephen J. McEwen Jr., Dominic Pileggi, Jay Costa, Mike Turzai, and Frank Dermody are members of the 2011 Legislative Reapportionment Commission. They are sued in their official capacity.

12. Defendant Carol Aichele is the Secretary of the Commonwealth of Pennsylvania. She is sued in her official capacity. The Secretary of the Commonwealth is Pennsylvania's Chief Election Officer and is responsible for overseeing elections in Pennsylvania.


FACTS

PENNSYLVANIA'S REDISTRICTING PROCESS

13. Pursuant to the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, every ten years following the decennial census, the boundaries of state legislative districts are redrawn to make the districts equal in population.

14. In 1965, the Voting Rights Act was enacted to ensure that the protections afforded by the Fourteenth and Fifteenth Amendments were available in the states and political subdivision therein, and to prohibit discrimination against racial, ethnic and language minority voters.15.

Under Section 2 of the Voting Rights Act, racial and language minorities protected under the Act must be afforded an equal opportunity to elect candidates of their choice under any redistricting plan adopted by a State.

16. In Pennsylvania reapportionment of the state legislature is governed by the State's constitution, which requires the creation of a Legislative Reapportionment Commission after each decennial census. Defendant 2011 State Legislative Reapportionment Commission was created pursuant to this constitutional mandate.

17. As per state law, Defendant 2011 State Legislative Reapportionment Commission filed a Final Reapportionment Plan on December 12, 2011 with the Secretary of the Commonwealth of Pennsylvania.

18. The Final Reapportionment Plan, however, was the subject of eleven petitions for review filed as per state law with the Pennsylvania Supreme Court.

19. On January 25, 2012 the Pennsylvania Supreme Court in Holt v. 2011 Legislative Reapportionment Comm., No. 7 MM 2012, 2012 Pa. LEXIS 186 (Pa. Jan. 25, 2012) ordered that the 2011 legislative redistricting plan for State Senate and House districts was contrary to law and further ordered that it be remanded to Defendant 2011 State Legislative Reapportionment Commission to reapportion the state's legislative districts in accordance with criteria to be specified by the Supreme Court at a later date.

20. The January 25, 2012 order by the Pennsylvania Supreme Court further stated that until a 2011 Legislative Reapportionment plan "with the force of law" is approved, the 2001 Legislative Reapportionment Plan "shall remain in effect."

21. Upon information and belief, the primary elections for Senate and House districts is April 24, 2012.

22. The failure of Defendant 2011 State Legislative Reapportionment Commission to enact a fully approved reapportionment plan for State Senate and House districts in time for the upcoming primary elections will likely result in the Commonwealth conducting elections this year based upon the outdated 2001 Legislative Reapportionment Plan.

LATINO POPULATION IN PENNSYLVANIA

23. The Census 2010 revealed a tremendous surge in the numbers of Latinos in the Commonwealth of Pennsylvania.

24. According to Census 2010, Pennsylvania's population is 12,702,379. Latinos comprise 719,660 or 5.7% of the Commonwealth's total population.

25. Nearly four out of ten Latinos live in Philadelphia where Latinos number 187,611 or over 12% of the city's population.

26. The growth rates of Latinos have far outpaced the overall growth rates of both Philadelphia and Pennsylvania. Latinos have grown by more than 45% in the City of Philadelphia, a rate much higher than the overall rate of the city, adding 58,683 Latinos to the city's population, helping to end a five-year decline in Philadelphia's overall population. Similarly, in Allentown the total population is 118,032 and Latinos comprise 50,517 or 42.8% of the population. And in Reading the total population is 88,082 and Latinos comprise 51,263 or 58.2% of the population.

27. With this population growth, Latinos are increasingly participating in the electoral franchise.

28. In the House there is currently only one majority Latino district, the 180th in Philadelphia. There are no majority Latino Senate districts currently. Accordingly, there is only

one Latino elected official – Representative Angel Cruz of the current 180th House legislative district – among the 253 members of both houses in Harrisburg.

29. Despite rapid Latino population growth in the Commonwealth over the past decade, and increasing numbers of Latino registered voters, Latino political representation has not increased at an equivalent pace.

LATINO PARTICIPATION IN REDISTRICTING

30. In Pennsylvania, Latinos, especially Puerto Ricans, have a long history of participating in past redistricting public hearings or litigation concerning redistricting under the Voting Rights Act, particularly in Philadelphia. In 1982 Latinos in Philadelphia challenged the House redistricting plan in Hispanic Coal. on Reapportionment v. Legislative Reapportionment Comm'n, 536 F. Supp. 578 (E.D.P.A. 1982) in this Court, which although initially unsuccessful did lead to the creation of a Latino majority district in the House – the current 180th legislative district.

31. In 2011 Latinos in Philadelphia began preparing for redistricting activity to ensure fair redistricting lines for Latino voters at all levels of government. To that end, a nonpartisan coalition of concerned Latino voters created LatinoLines, an unincorporated association in the City of Philadelphia.

32. LatinoLines became directly involved in the State redistricting process and submitted proposed plans for Philadelphia, Lehigh and Berks counties to Defendant 2011 State Legislative Reapportionment Commission.

33. Partly as a result of their efforts, three additional majority Latino House legislative districts were proposed by Defendant 2011 State Legislative Reapportionment Commission: the

180th and 197th House legislative districts in Philadelphia; the 22nd House legislative district in Allentown; and the 127th House legislative district in Reading.

## MALAPPORTIONMENT OF STATE SENATE AND STATE HOUSE DISRTICTS

34. The Fourteenth Amendment to the Constitution of the United States requires that state legislative districts be equal in population thus requiring the redistricting of Pennsylvania's legislative districts following the decennial census.

35. The ideal population for Pennsylvania State Senate and House districts is 254,048 and 62,573, respectively.

36. The 2001 Legislative Reapportionment Plan for the State Senate is severely malapportioned under the 2010 Census. Senate District 44 in Berks, Chester and Montgomery Counties is over-populated by 34,626 persons for a deviation of 13.63%. Conversely, Senate District 38 in Allegheny and Westmoreland Counties is under-populated by 40,058 persons for a deviation of 15.77%. The total deviation in the Senate stands at 29.4%.

37. The 2001 Legislative Reapportionment Plan for the House is severely malapportioned under the 2010 Census. House District 13 in Chester and Lancaster Counties is over-populated by 15,204 persons for a deviation of 24.3%. Conversely, House District 24 in Allegheny County is under-populated by 11,569 persons for a deviation of 18.49%. The total deviation in the House stands at 42.79%.

38. Current Senate and House districts are also malapportioned in the Latino communities of Philadelphia, Lehigh and Berks counties.

## DILUTION OF LATINO VOTING STRENGTH

39. The Latino community of Philadelphia County is sufficiently geographically compact to comprise a majority of persons in two House legislative districts.

40. Two House legislative districts can be created in Philadelphia County that will afford Latino voters the opportunity to elect their candidates of choice.

41. The Latino community of Lehigh County is sufficiently geographically compact to comprise a majority of persons in a House legislative district.

42. A House legislative district can be created in Allentown, Lehigh County that will afford Latino voters the opportunity to elect their candidates of choice.

43. The Latino community of Berks County is sufficiently geographically compact to comprise a majority of persons in a House legislative district.

44. A House legislative district can be created in Reading, Berks County that will afford Latino voters the opportunity to elect their candidates of choice.

45. Latinos in Pennsylvania, including the areas in which House legislative districts can be created, are politically cohesive.

46. Non-Latinos vote sufficiently as a bloc to enable them usually to defeat Latino voters' preferred candidates in Pennsylvania, including the areas in which House legislative districts can be created.

47. The 2001 Legislative Reapportionment Plan in Pennsylvania interacts with social and historical conditions to cause an inequality in the opportunity of Latino voters to elect representatives of their choice.

48. Under the circumstances set forth above, a more than reasonable probability exists that without judicial intervention, redistricting plans for Pennsylvania State Senate and House districts will not be enacted in time to conduct primary elections in a timely manner in

accordance with the laws of the Commonwealth of Pennsylvania and consistent with the requirements of the Constitution of the United States.

49. Plaintiffs have no adequate remedy at law and respectfully request this Court to grant appropriate equitable relief. Plaintiffs are suffering irreparable harm and injury and that injury will continue unless declared unlawful and enjoined by this Court.

## CAUSES OF ACTION

### COUNT I

(Violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution; Pursuant to 42 U.S.C. § 1983)

50. Plaintiffs incorporate all the paragraphs above as if fully set forth herein.

51. The current Pennsylvania State Senate and House legislative districts are malapportioned in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. Section 1983.

### COUNT II

(Violation of Section 2 of the Voting Rights Act of 1965, as amended, 42 U.S.C Section 1973)

52. Plaintiffs incorporate all the paragraphs above as if fully set forth herein.

53. The current Pennsylvania House legislative districts result in a denial or abridgment of right to vote of Plaintiffs on account of their race, color or ethnicity, by having the effect of canceling out or minimizing their individual voting strength as minorities in Pennsylvania. The current legislative districts do not afford Plaintiffs an equal opportunity to participate in the political process and elect candidates of their choice and denies them the right to vote in elections in violation of 42 U.S.C. Section 1973.

## REQUEST FOR A THREE JUDGE COURT

54. Plaintiffs request a three-judge trial court pursuant to 28 U.S.C. Section 2284.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A. Assume jurisdiction of the action and empanel a three-judge court pursuant to 28 U.S.C. Section 2284;

B. Issue a declaratory judgment declaring that Pennsylvania's current State Senate and House legislative districts are malapportioned, illegally dilute the voting rights of Latinos in Pennsylvania and are unlawful, null and void;

C. Permanently enjoin the Defendants from calling, holding, supervising or certifying any elections under the current State legislative districting plan.

D. Set a reasonable deadline for defendants and appropriate state authorities to enact or adopt a redistricting plan that is not malapportioned and does not dilute Latino voting strength;

E. If defendants and appropriate state authorities fail to enact or adopt valid State legislative redistricting plans, then order through a Special Master new plans that are not malapportioned and do not dilute Latino voting strength;

F. Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. Sections 1973-l(e) and 1988;

G. Retain jurisdiction to issue further orders this Court deems appropriate; and

H. Grant any and all further relief that the Plaintiffs may be entitled to.

Dated: 2 February 2012
Respectfully submitted,

Jose Luis Ongay, Esq.
521 South Second Street
Philadelphia, PA 19147
484-681-1117
ongaylaw@aol.com
Bar ID # 52474

Juan Cartagena, Esq.*
Jose Perez, Esq.*
LatinoJustice PRLDEF
99 Hudson Street, 14th Fl.
New York, NY 10013
212-219-3360
jcartagena@latinojustice.org
jperez@latinojustice.org


*Pro hac vice to be submitted