UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
------------------------------------------------------------------------X
```
JOE GARCIA, FERNANDO QUILES,
DALIA RIVERA MATIAS,

                PLAINTIFFS,


       v.  Civil Action
                                                                                                                                                                                     No. 12-0556 RBS


2011 LEGISLATIVE REAPPORTIONMENT
COMMISSION and CAROLE AICHELE, in her
Capacity as Secretary of the Commonwealth of
Pennsylvania, and as Chief Election Officer of
the Commonwealth of Pennsylvania,

                Defendants.
```
------------------------------------------------------------------------X
```

TEMPORARY RESTRAINING ORDER

      On this ___ day of February 2012,

      AND NOW, upon consideration of the Plaintiff's Motion for a Temporary Restraining Order and for Convening of a Three-Judge Panel, and the Plaintiffs' Memorandum of Law in Support of same, and upon the oral arguments set forth from the parties in Court on February 6, 2012, and for good cause shown,

      IT IS HEREBY ORDERED, that until a hearing is held on a Motion for a Preliminary Injunction by the Plaintiffs before a Three-Judge District Court as requested by the Plaintiffs,

1. Defendant CAROL AICHELE and anyone controlled by her, or in common control with her, is hereby enjoined from calling, holding, supervising or certifying the April 24, 2012 primary election on the basis of the 2001 Legislative Reapportionment Plan until such time as a hearing for Preliminary Injunction is adjudicated by this Court;

2. Plaintiffs' attorneys and/or their representatives shall serve a copy of their Complaint, Motion for a Temporary Restraining Order and for Convening a Three-Judge Panel, and related papers, on Defendants;

3. Plaintiffs will not be required to post a bond in this matter as it is unnecessary; and

4. A hearing to consider Plaintiffs' Motion for a Preliminary Injunction shall be held in this Court on February ___, 2012 in Courtroom ___.  Plaintiffs' motion for papers for a Preliminary Injunction shall be filed in this Court and served upon Defendants by February ___, 2012, Defendants shall file and serve any responsive papers by February ___, 2012 and Plaintiffs' reply, if any, shall be filed and served by February ___, 2012.

_____
R. Barclay Surrick, U.S.D.J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------------------X
JOE GARCIA, FERNANDO QUILES,
DALIA RIVERA MATIAS,

                PLAINTIFFS,


    v.                                                                                                                         Civil Action
                                                                                                                             No. 12-0556 RBS


2011 LEGISLATIVE REAPPORTIONMENT
COMMISSION and CAROLE AICHELE, in her
Capacity as Secretary of the Commonwealth of
Pennsylvania, and as Chief Election Officer of
the Commonwealth of Pennsylvania,

                Defendants.
-------------------------------------------------------------------------X

PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER
AND FOR CONVENING OF A THREE-JUDGE PANEL


      Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiffs Joe Garcia, Fernando Quiles and Dalia Rivera Matias, through their undersigned attorneys, respectively move this Court for a Temporary Restraining Order to ensure that the Pennsylvania 2001 Legislative Reapportionment Plan is not used for the April 24, 2012 primary elections in the Commonwealth of Pennsylvania. Inasmuch as Plaintiffs are challenging the constitutionality of the 2001 Legislative Reapportionment Plan as it is used for elections in 2012, Plaintiffs further move this Court to request the convening of a Three-Judge District Court to hear their request for preliminary injunction on the use of said 2001 reapportionment plan for elections in 2012.

As set forth in the Complaint and the Memorandum of Law in Support of this motion, both of which are incorporated herein by reference, the immediacy of the election cycle in Pennsylvania which has scheduled primary elections on April 24, 2012, requires immediate action from this Court to protect Plaintiffs' constitutional rights under the One Person, One Vote doctrine of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  Should elections be held in 2012 on the basis of the 2001 Legislative Reapportionment Plan the constitutional rights of the Plaintiffs along with millions of Pennsylvania voters will be violated.  Defendant CAROLE AICHELE as the Secretary of the Commonwealth and the Chief Election Officer in Pennsylvania is the only official in the State that is authorized to call, hold, supervise and certify elections.  Accordingly, this motion for a Temporary Restraining Order seeks to enjoin her and her office from conducting elections in 2012 based on the 2001 reapportionment plan.

In support of their motion for a Temporary Restraining Order, Plaintiffs state:

1. Plaintiffs have a significant probability of success on the merits because the 2010 Census results clearly show that the current 2001 reapportionment plan for State Senate and State House legislative districts are malapportioned and in violation of the Fourteenth Amendment to the United States Constitution.  As stated in their Complaint, Plaintiffs assert that the total population deviation for the State Senate is 29.4% (Complaint ¶36) and that the corresponding total deviation for the State House is 42.79% (Complaint ¶37). These deviations are well in excess of the population deviations permissible under the One Person, One Vote doctrine of the Fourteenth Amendment and evidence a prima facie violation of the Fourteenth Amendment.

2. Plaintiffs will be irreparably harmed if elections are held now on the basis of the 2001 reapportionment plan. Indeed, a violation of constitutional rights of this magnitude is clear evidence of irreparable harm.

3. Defendant will not suffer any greater harm through compliance with this Temporary Restraining Order than Plaintiffs would should relief not be granted.

4. Granting temporary, preliminary relief under these circumstances is in the public interest as the constitutional rights of millions of voters in Pennsylvania are at risk.

Accordingly, Plaintiffs move the court to

5. Enjoin Defendant CAROL AICHELE and anyone controlled by her, or in common control with her, from calling, holding, supervising or certifying the April 24, 2012 primary election on the basis of the 2001 Legislative Reapportionment Plan until such time as a hearing for Preliminary Injunction is adjudicated by this Court;

6. Direct Plaintiffs' attorneys to serve a copy of their Complaint, Motion for a Temporary Restraining Order and for Convening a Three-Judge Panel, and related papers, on Defendants;

7. Order that Plaintiffs will not be required to post a bond in this matter as it is unnecessary; and

8. Set a briefing schedule for exchange of pleadings on a subsequent Motion for Preliminary Injunction and to set a date for said hearing before a Three-Judge District Court.

Dated: 6 February 2012

                                      Respectfully submitted,

Juan Cartagena*
Jose Perez*
LatinoJustice PRLDEF
99 Hudson Street, 14th Fl.
New York, NY 10013
212.219.3360 (phone)
212.431.4276 (fax)


VC:JO1494

Jose Luis Ongay
521 South Second Street
Philadelphia, PA 19147
484.681.1117 (phone)

Attorneys for Plaintiffs Joe Garcia
Fernando Quiles, Dalia Rivera Matias

*Motion for Appearance Pro Hac Vice to be submitted

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------------------X
JOE GARCIA, FERNANDO QUILES,
DALIA RIVERA MATIAS,

                        PLAINTIFFS,


      v.                                          Civil Action
                                                                                                   No. 12-0556 RBS

2011 LEGISLATIVE REAPPORTIONMENT
COMMISSION and CAROLE AICHELE, in her
Capacity as Secretary of the Commonwealth of
Pennsylvania, and as Chief Election Officer of
the Commonwealth of Pennsylvania,

                              Defendants.
---------------------------------------------------------------------------X

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR A TEMPORARY RESTRAINING ORDER
AND FOR CONVENING OF A THREE-JUDGE PANEL

## INTRODUCTION

      Plaintiffs have filed this action for declaratory and injunctive relief to protect the most basic of constitutional rights: the right to have one's vote weighted and counted on equal terms with all other voters in Pennsylvania. Their straight-forward, two-count Complaint sets contains allegations that are all part of the public record and evidence the following scenario: Pennsylvania is set to permit the elections for the State Senate and State House in 2012 to be held on the basis of a decade-old legislative reapportionment plan, as if there have been no demographic shifts in the State since the 2001 Census. Those demographic shifts are real, however, and they have rendered the 2001 districts unequal in population and also unconstitutional under the One Person, One Vote doctrine of the Fourteenth Amendment.

Defendant 2011 LEGISLATIVE REAPPORTIONMENT COMMISSION has had ample time to redistrict the State's legislative districts, but has failed to do so in a way that would garner the approval of the Pennsylvania Supreme Court.  That court, in turn, has halted the use of the Defendant's 2011 reapportionment plan on January 25, 2012 by declaring that it was "contrary to law."  This past Friday, February 3, 2012, the Pennsylvania Supreme Court issued its opinion and noted that any decisions regarding the timing, suspension, or deferment of the election calendar were not before the court and are the "concern and province of the political branches."

Accordingly, Plaintiffs JOE GARCIA, FERNANDO QUILES, and DALIA RIVERA MATIAS, who are merely voters in the Pennsylvania with no control over the process of redistricting, must turn to this Court for redress.  Unless this Court acts to enjoin Defendant CAROL AICHELE from holding the 2012 elections under the 2001 legislative plan, their constitutional rights and the rights of many of Pennsylvania voters will be irreparably harmed.

Plaintiffs respectfully submit this Memorandum of Law to support their Motion for a Temporary Restraining Order and for Convening of a Three-Judge Panel.

## STATEMENT OF FACTS

### Malapportionment of 2001 Legislative Districts

Plaintiffs rely upon the allegations of their Complaint, incorporated herein by reference, for the basic factual scenario that has led to this action.  Plaintiffs submit that one set of facts is critical for the issuance of a temporary restraining order in an action under the One Person, One Vote doctrine: the malapportionment of the legislative body.

The 2001 Legislative Reapportionment Plan for the State of Pennsylvania is severely malapportioned under the current demographic reality evidenced by the 2010 Census. As noted below, the constitutional jurisprudence in this area requires an equipopulation standard. To that end, under the 2010 Census, the ideal population for the Pennsylvania State Senate, i.e., the State's total population divided by the number of Senate districts, is 254,048 (Plaintiffs' Complaint ¶35). Similarly, the ideal population for the Pennsylvania State House is 62,573 (Id.).

Senate District 44 in Berks, Chester and Montgomery Counties is over-populated by 34,626 persons for a deviation of 13.63%, while District 38 in Allegheny and Westmoreland Counties is under-populated by 40,058 persons for a deviation of 15.77%. Thus, the current total deviation for the State Senate is 29.4% (Id. at ¶36).

House District 13 in Chester and Lancaster Counties is over-populated by 15,204 persons for a deviation of 24.3%, while House District 24 in Allegheny County is under-populated by 11,569 persons for a deviation of 18.49%. Under the 2010 Census, the total deviation in the Pennsylvania House is 42.79%.

As noted below, total deviations of over 29% and over 42% respectively, clearly establish a prima facie case of an Equal Protection Clause violation.

Finally, Plaintiffs in this action are not the only voters in Pennsylvania whose constitutional rights are at stake in this action. Instead, they represent figuratively hundreds of thousands of similarly situated voters who rights to a vote that is weighted equally with other voters is at risk should elections in 2012 proceed on 2001 legislative districts.

Current Status of 2011 Redistricting Process

Defendant 2011 LEGISLATIVE REAPPORTIONMENT COMMISSION was established pursuant to Section 17(a) of Article 2 of the Pennsylvania Constitution specifically to redistrict the State's legislative districts according to the 2010 Census.  Apparently, on August 17, 2011 Defendant 2011 LEGISLATIVE REAPPORTIONMENT COMMISSION concluded that the 2010 census data was in usable form.  However, it was not until December 12, 2011 that Defendant 2011 LEGISLATIVE REAPPORTIONMENT COMMISSION adopted its final plan for 2011.

The finality of the 2011 legislative redistricting plan was placed in doubt once voters in Pennsylvania formally objected to the final plan by filing Petitions for Review before the Pennsylvania Supreme Court.  Indeed, on January 25, 2012 the Pennsylvania Supreme Court in a per curiam order in Holt v. 2011 Legislative Reapportionment Commission, No. 7 MM 2012, 2012 Pa. LEXIS 186 (Pa. Jan. 25, 2012) ordered that the 2011 plan was contrary to law.  More important for the purposes of the instant motion, the Pennsylvania Supreme Court concluded that until a 2011 reapportionment plan "with the force of law" is approved, the 2001 Legislative Reapportionment Plan "shall remain in effect."  Id. Slip Opinion, p. 6.

Subsequently, in an opinion filed on this past Friday, February 3, 2012, which clarified and supported its earlier order of January 25, 2012, the Pennsylvania Supreme Court set forth its guidance for the upcoming remap by Defendant 2011 LEGISLATIVE REAPPORTIONMENT COMMISSION.  The Pennsylvania Supreme Court essentially concluded that the overall 2011 plan failed to abide by the State constitutional mandate in Article II, Section 16 to respect the boundaries of political subdivisions.  Critically for the purposes of the Plaintiffs' motion herein, the Pennsylvania Supreme Court only addressed the contours of the Pennsylvania Constitution

and concluded that "[f]irst, and most simply, we reemphasize the importance of each of the mandates in Article II, Section 16 [which] by its terms does not require that the overriding objective of reapportionment is equality of population."  Holt v. 2011 Legislative Reapportionment Commission, Slip Opinion, p. 83 (Feb. 3, 2012) (internal quotes and citations omitted).

Regardless of how the Pennsylvania Supreme Court reassessed the constitutional mandate of Article II, Section 16, the most important decision it made was a non-decision.  The court decided not to provide any guidance regarding the imminent political calendar in the State and the April 24, 2011 primary election date, in particular:

> "We are not in a position to predict when the [Legislative Reapportionment Commission] will complete its task of developing a new final redistricting plan that complies with the law, nor when such a new plan can become final and have force of law.  Any issues respecting deferring the state legislative primary, or scheduling special elections, etc., are, in the first instance, the concern and province of the political branches.  Such questions have not been briefed and presented to this Court."

Holt v. 2011 Legislative Reapportionment Commission, Slip Opinion, pp. 86-87 (Feb. 3, 2012) (footnotes omitted).

Accordingly, as of this date there is no 2011 legislative redistricting plan that has the force of law and that can be used for the April 24, 2012 primary.  In fact, the order of the Pennsylvania Supreme Court of January 25, 2012, which was not vitiated in the slightest in the court's opinion of February 3, 2012, clearly states that the 2001 legislative reapportionment plan, now over ten years old, remains in effect.

## **ARGUMENT**

### Plaintiffs Satisfy All Requirements for the Issuance of a Temporary Restraining Order

Preliminary injunctive relief, including temporary restraining orders, under the case law of the Third Circuit requires a showing of four factors by Plaintiffs herein under <u>Child Evangelism Fellowship of N.J. Inc. v. Stafford Township School</u>, 386 F.3d 514, 524 (3d Cir. 2004):  1) whether they can show a reasonable probability of success on the merits; 2) whether they can make a showing of irreparable harm; 3) whether granting preliminary relief results in greater harm to the non-moving party; and 4) whether granting preliminary relief is in the public interest.  As set forth below, Plaintiffs can meet each of these elements.

Plaintiffs can show that they have a reasonable probability of success on the merits because the 2001 legislative reapportionment plan is severely malapportioned according to the 2010 Census.  Indeed, with total population deviations for the State Senate at over 29% and for the State House at over 42%, Plaintiffs have made a prima facie showing of an Equal Protection Clause violation under the Fourteenth Amendment.  While it may be rational for states to seek to respect the boundaries of their political subdivisions, <u>Mahan v. Howell</u>, 410 U.S. 315, 328 (1973), the U.S. Supreme Court has also noted that when it comes to legislative redistricting and the equal population requirement, the existence of political subdivisions is not dispositive.  <u>See</u>, <u>Reynolds v. Sims</u>, 377 U.S. 533, 575 (1964) ("Political subdivisions of States-counties, cities, or whatever -- never were and never have been considered as sovereign entities. Rather, they have been traditionally regarded as subordinate governmental instrumentalities created by the State to assist in the carrying out of state governmental functions.").  Nonetheless, in <u>Mahan v. Howell</u> the total population deviation for Virginia's House of Delegates was 16.4% and the U.S. Supreme Court clearly noted that such a large population deviation "may well approach tolerable limits."  <u>Mahan</u>, <u>supra</u>, 410 U.S. at 329.  Indeed, total population deviations above ten percent establish a prima facie

case of discrimination.  See, Swan v. Adams, 385 U.S. 440, 444 (1967) ("*De minimis* deviations are unavoidable, but variations of 30% among senate districts and 40% among house districts can hardly be deemed *de minimis* and none of our cases suggests that differences of this magnitude will be accepted, without a satisfactory explanation grounded on acceptable state policy.").  Accordingly, Plaintiffs herein have established a prima facie case of a Fourteenth Amendment violation.

Plaintiffs have also shown that they would be irreparably harmed should the State of Pennsylvania hold 2012 elections on the basis of a decade old, unconstitutional legislative redistricting plan.  The deprivation of constitutional rights under these circumstances, and with this magnitude of total population deviation, should be considered *per se* irreparable.

Defendant CAROL AICHELE, as Chief Election Officer for Pennsylvania would not suffer any greater harm through compliance with any temporary restraining order that this Court may issue on Plaintiffs' motion.  Her interest in assuring that an election is held in compliance with the United States constitution is also paramount in order to save the State the added expense of holding an additional election in the event Plaintiffs herein win on the merits and obtain final, permanent injunctive relief.

Finally, since this case raises important questions of constitutional rights that affect hundreds of thousands of voters in Pennsylvania, preliminary relief in the form of a temporary restraining order is clearly in the public interest.

### Plaintiffs Have Appropriately Requested the Convening of a Three-Judge Panel

As noted above, Plaintiffs have centered their request for relief on the constitutionality of a statewide reapportionment plan.  And they have demonstrated a prima facie case of

discrimination because of the total population deviations in the 2001 legislative reapportionment plan. By the very terms of 28 U.S.C. Section 2284, such an action requires the convening of a three-judge district court. Plaintiffs respectfully request that a temporary restraining order issue until such time as a three-judge district court can decide a motion for a preliminary injunction.

## CONCLUSION

For all the reasons noted above, Plaintiffs respectfully request that this Court issue a temporary restraining order to enjoin Defendant CAROL AICHELE from holding, conducting, supervising or certifying any election for Pennsylvania legislative districts based on the 2001 Legislative Reapportionment Plan.

Dated: 6 February 2012

Respectfully submitted,

Juan Cartagena*
Jose Perez*
LatinoJustice PRLDEF
99 Hudson Street, 14th Fl.
New York, NY 10013
212.219.3360 (phone)
212.431.4276 (fax)


VC:JO1494
Jose Luis Ongay
521 South Second Street
Philadelphia, PA 19147
484.681.1117 (phone)

Attorneys for Plaintiffs Joe Garcia,
Fernando Quiles, Dalia Rivera Matias

*Motion for Appearance Pro Hac Vice to be submitted

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------------X
JOE GARCIA, FERNANDO QUILES,
DALIA RIVERA MATIAS,

                        PLAINTIFFS,

    v.                                                                                 Civil Action
                                                                                      No. 12-0556 RBS

2011 LEGISLATIVE REAPPORTIONMENT
COMMISSION and CAROLE AICHELE, in her
Capacity as Secretary of the Commonwealth of
Pennsylvania, and as Chief Election Officer of
the Commonwealth of Pennsylvania,

                        Defendants.
------------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

I hereby certify that on the February 6, 2012, copies of the foregoing Motion for Temporary Restraining Order and For Convening of a Three Judge Panel with accompanying Memorandum of Law, and Proposed Order, by electronic mail on counsel for the Secretary of the Commonwealth of Pennsylvania, and the 2011 Legislative Reapportionment Commission listed below:

        Judge Joseph Del Sole
        Counsel for the 2011 Legislative Reapportionment Commission
        104 North Office Building
        Harrisburg, Pa 17120
        jdelsole@redistricting.state.pa.us  and

        Steven Turner
        Chief Counsel to the Secretary of the Commonwealth of Pennsylvania
        302 North Office Building
        Harrisburg, Pa 17120
        stturner@pa.gov

                                                                     /s/ Jose Luis Ongay
                                                                       ------------------------
                                                                       Jose Luis Ongay